IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
EASTERN DIVISION

| | |
|---|---|
| Darrell and Sherri Trottier, as parents and guardians of R.D., a minor, | ) ) ) |
| Plaintiffs, | ) ) ) |
| vs. | ) ) ) |
| United States of America, the Bureau of Indian Affairs, and the Department of the Interior, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Case No. 3:21-cv-93

Before the Court is a motion to dismiss for lack of subject matter jurisdiction filed by Defendants United States of America, the Bureau of Indian Affairs ("BIA"), and the Department of the Interior ("DOI") (collectively, the "Defendants"). Doc. No. 11. Plaintiffs Darrell and Sherri Trottier (together, the "Trottiers") responded in opposition to the motion on August 6, 2021. Doc. No. 19. Defendants filed a reply on August 26, 2021. Doc. No. 22. For the reasons below, the motion is granted.

**I.    BACKGROUND**

The Trottiers are the parents of R.D. Doc. No. 1, ¶ 1. R.D. was incarcerated at the Standing Rock Indian Reservation Juvenile Detention Center (the "Detention Center") from approximately April 1, 2018 through May 28, 2018. Id. ¶¶ 10, 11. As alleged in the complaint, the Detention Center was under the control of the Defendants. Id. ¶ 7. While confined at the Detention Center, R.D. was sexually assaulted by a BIA corrections officer.[1] Id. ¶ 11.

---

[1] The corrections officer at the Detention Center was subsequently federally indicted, pleaded guilty, and was sentenced for abusive sexual contact. See United States v. Martin, Case No. 1:18-cr-155 (D.N.D. 2018).

As her parents, the Trottiers filed an administrative claim on behalf of R.D., who was a minor at the time, against the Defendants pursuant to the Federal Torts Claims Act ("FTCA"), 28 U.S.C. § 1346, et al. Id. ¶ 5. To that end, the Trottiers submitted a Standard Form 95 ("SF-95"), which was received by the BIA and the DOI on October 21, 2019 and October 22, 2019, respectively. Id. ¶ 8; Doc. No. 1-3. The SF-95 states:

> The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

Doc. No. 1-2, p. 2 (emphasis added). The Trottiers' SF-95 included a sworn affirmation that they were the parents of R.D., but the SF-95 was not accompanied by any evidence of the Trottiers' authority to present a claim on behalf of R.D. Id.

On May 11, 2020, the Trottiers' administrative claim was denied. Doc. No. 1-5. The claim was denied because it "did not include evidence of authority to present a claim on behalf of R.D., nor was it accompanied by evidence in support of the claim for personal injury." Id. (emphasis added). The Trottiers sought reconsideration of the denial on August 17, 2020 and filed a supplement on January 25, 2021. Doc. Nos. 1-6, 1-7. The DOI did not respond. Doc. No. 1, ¶ 8.

Prompted by the DOI's silence, the Trottiers filed their complaint with this Court on April 26, 2021. See Doc. No. 1. The complaint pleads three FTCA claims: (1) negligent supervision, (2) negligence – failure to provide a safe environment, and (3) vicarious liability/respondeat superior. Id. Defendants responded with the instant motion to dismiss on June 28, 2021. Doc. No. 11.

**II.     DISCUSSION**

In their motion, Defendants primarily argue that, pursuant to Federal Rule of Civil Procedure 12(b)(1), the Court lacks subject matter jurisdiction to decide this case. They cite several reasons the Court lacks jurisdiction, including that the Trottiers did not exhaust their administrative remedies. Specifically, according to Defendants, the Trottiers failed to satisfy the FTCA's jurisdictional presentment requirement before filing suit in the district court by not presenting to the DOI evidence of their authority to bring a claim on behalf of R.D.[2]

**A.     Federal Rule of Civil Procedure 12(b)(1) and Subject Matter Jurisdiction**

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." Carlson v. Arrowhead Concrete Works, Inc., 445 F.3d 1046, 1050 (8th Cir. 2006). "Subject matter jurisdiction defines the court's authority to hear a given type of case." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). Federal Rule of Civil Procedure 12(b)(1) requires dismissal if the court lacks subject matter jurisdiction over a claim.

"A court deciding a motion under Rule 12(b)(1) must distinguish between a 'facial attack' and a 'factual attack'" on jurisdiction. Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial attack, "the court restricts itself to the face of the pleadings, and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6)." Id. (internal citations omitted). "In a factual attack, the court considers matters outside the pleadings, and the non-moving party does not have the benefit of 12(b)(6) safeguards." Id. (internal citation omitted). If a defendant wishes to make a factual attack on "the jurisdictional

---

[2] Defendants also contend there has been no waiver of sovereign immunity by the United States for claims arising out of intentional torts and that the Trottiers are not the real party in interest because R.D. has now reached legal adulthood. Because the Court concludes it lacks subject matter jurisdiction due to the Trottiers' failure to satisfy the presentment requirement, which is jurisdictional, the Court need not address these additional arguments.

allegations of the complaint, the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993).

Here, the facts related to jurisdiction, specifically whether the Trottiers presented evidence of their authority to bring a claim on behalf of R.D., are disputed. Both parties submitted evidence in support of their respective positions on jurisdiction. Thus, the motion is a factual attack on jurisdiction, and the Court will assess and decide the questions of fact relevant to determining subject matter jurisdiction. Osborn, 918 F.2d at 729 ("Jurisdictional issues, whether they involve questions of law or of fact, are for the court to decide.") (citation omitted).

**B.     The FTCA and the Presentment of Authority to Bring a Claim**

"Sovereign immunity shields the Federal Government and its agencies from suit." Mader v. United States, 654 F.3d 794, 797 (8th Cir. 2011) (quoting Fed. Deposit Ins. Corp. v. Meyer, 510 U.S. 471, 475 (1994)). Congress "may waive the United States's sovereign immunity and 'prescribe the terms and conditions on which [the United States] consents to be sued, and the manner in which the suit shall be conducted.'" Id. (quoting Beers v. State, 61 U.S. 527, 529 (1857)). To that end, the FTCA provides a limited waiver of the United States' sovereign immunity as follows:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). "A party may bring an FTCA claim in federal court only after exhausting the FTCA's administrative remedies." Hennager v. United States, 3:19-CV-258,

2020 WL 7295832, at *3 (D.N.D. Nov. 4, 2020) (citing Rollo-Carlson as Tr. for Flackus-Carlson v. United States, 971 F.3d 768, 770 (8th Cir. 2020)).

> The FTCA procedures are codified and provide that:
>
> For purposes of the provisions of 28 U.S.C. §§ 2401(b), 2672, and 2675, a claim shall be deemed to have been presented when a Federal agency receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95 or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident; and the title or legal capacity of the person signing, <u>and is accompanied by evidence of his authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian, or other representative</u>.

28 C.F.R. § 14.2(a) (emphasis added); see also 28 C.F.R. §§ 14.2(b), 14.3(b). As noted above, this same requirement is also expressly stated on page two of the SF-95. See Doc. No. 1-2, p. 2. This is also known as the FTCA's presentment requirement.

The presentment requirement under § 2675(a) requires presenting evidence of a representative's authority to act on behalf of the claim's beneficiaries under state law. Mader, 654 F.3d at 803. "The focus under Mader is not whether a plaintiff has actual authority to bring a claim, but whether the plaintiff has first presented to the appropriate federal agency evidence of his or her authority to act on behalf of the claim's beneficiaries under state law." Ellis by Ellis-Swanson v. United States, 8:21CV62, 2021 WL 2015191, at *2 (D. Neb. May 20, 2021) (quoting Runs After v. United States, No. CIV 10-3019, 2012 WL 2951556, at *6 (D.S.D. July 19, 2012) aff'd sub nom. After v. United States, 511 F. App'x 596 (8th Cir. 2013)). Additionally, and importantly, under Mader and Eighth Circuit Court of Appeals precedent, the presentment requirement is jurisdictional and cannot be waived. See Mader, 654 F.3d at 805-08 ("We have long held that compliance with § 2675(a)'s presentment requirement is a jurisdictional precondition to filing an FTCA claim in federal district court.").

5

Here, the issue before the Court is whether the Trottiers satisfied the jurisdictional presentment requirement. The record confirms that the Trottiers' SF-95 was not accompanied by <u>evidence</u> of their authority to bring a claim on behalf of their daughter, R.D. Doc. Nos. 1-2, 1-5; <u>see also</u> Doc. No. 14. Attached to the SF-95 was a sworn affirmation, where the Trottiers merely confirmed their status as parents and guardians of R.D. <u>See</u> Doc. No. 1-2. However, this is not sufficient evidence of the Trottiers' authority to act on behalf of R.D. Under North Dakota law, proof of court-appointed guardianship is required for minors to enforce their rights by civil actions. N.D. Cent. Code § 14-10-04. The Trottiers did not provide such evidence consistent with North Dakota law. Accordingly, the affirmation (or statement) does not satisfy the presentment requirement because it does not provide evidence of authority "to act on behalf of the claim's beneficiaries under state law." See <u>Runs After</u>, 2012 WL 2951556, at *6 (citing <u>Mader</u>, 654 F.3d at 803) (granting motion to dismiss for lack of subject matter jurisdiction, where legal guardian failed to provide evidence of guardianship); <u>see also</u> <u>Rollo-Carlson</u>, 971 F.3d at 771 (rejecting actual notice arguments and finding that "Rollo-Carlson's status as next-of-kin is not synonymous with her status as appointed trustee under Minnesota law."). And such evidence is essential because "without evidence of a plaintiff's authority to represent a claim's beneficiaries, federal agencies cannot seriously consider settling the claim." <u>Runs After</u>, 2012 WL 2951556, at *6 (citing <u>Mader</u>, 654 F.3d at 803).

In response, the Trottiers argue that their request for reconsideration and their supplement contained the necessary evidence to satisfy the presentment requirement. While the Court empathizes with the Trottiers' position, the law in this Circuit is clear – "evidence of authority must be asserted <u>contemporaneously</u> with the filing of the claim by one who files on behalf of a claimant." <u>Hennager</u>, 2020 WL 7295832, at *5 (citations and quotations omitted) (emphasis in

6

original). Further, there is no authority for this Court to create an exception to the presentment requirement when bringing a claim on behalf of a minor. See id. at *4 ("Mader suggested no exception for claims on behalf of minors.").

Finally, the Trottiers raise concerns regarding the Mader decision and argue the decision may conflict with congressional intent. However, similar arguments were made and rejected by the Runs After court. As well-stated in Runs After:

> This Court is cognizant that the result of this decision is a harsh one. A minor, through no fault of his own, might be barred from bringing an FTCA claim. Outside of the Eighth Circuit, where the presentment-of-authority responsibility set forth in 28 C.F.R. § 14.2(a) is not deemed jurisdictional, this case would not be susceptible to dismissal. See Transco Leasing Corp, 896 F.2d at 1443; Knapp, 844 F.2d at 379–80; GAF Corp. v. United States, 818 F.2d at 905; Warren, 724 F.2d at 778–79; Champagne v. United States, 573 F.Supp. 488, 491–93 (E.D.La. 1983) (widow satisfied presentment requirement even though she failed to provide evidence of her authority to present FTCA claim on behalf of minor children). From the perspective of this Court, it is for the Eighth Circuit to determine whether Mader ought to be modified or some exception created to allow the claim to survive the motion to dismiss, and ultimately is up to the Supreme Court of the United States to determine whether Mader or decisions from other circuit courts of appeals properly interpret and apply § 2675(a). This Court, however, is bound to follow Eighth Circuit precedent. Hood, 342 F.3d at 864.

Runs After, 2012 WL 2951556, at *8.

Because the Trottiers failed to satisfy the FTCA's jurisdictional presentment requirement and did not provide evidence of their authority to bring a claim on behalf of R.D., the Court lacks subject matter jurisdiction over this case and dismissal of the Trottiers' complaint is appropriate pursuant to Federal Rule of Civil Procedure 12(b)(1).

### III. CONCLUSION

The Court has reviewed the record, the parties' filings, and the relevant legal authority. For the reasons above, Defendants' motion to dismiss for lack of subject matter jurisdiction (Doc.

No. 11) is **GRANTED**. The claims against Defendants are hereby **DISMISSED WITHOUT PREJUDICE**.

    **IT IS SO ORDERED**.

    **LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated this 10th day of November, 2021.

                                        */s/ Peter D. Welte*
                                        Peter D. Welte, Chief Judge
                                        United States District Court